UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LUIS RODRIGUEZ-HERNANDEZ                          CIVIL ACTION

VERSUS                                            NO. 18-4069

DARREL VANNOY, WARDEN                             SECTION "B" (2)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.   Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.[1]   For the following reasons, I recommend that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.   INTRODUCTION

Petitioner Luis Rodriguez-Hernandez filed this *pro se* federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his 2012 St. Tammany Parish conviction for first degree murder for which he is serving a life sentence.[2]   His petition, received by the clerk of court on April 19, 2018, was accompanied by a motion for leave to proceed *in forma pauperis*.[3]   The prior Magistrate Judge, the Honorable Joseph C. Wilkinson, Jr., denied the pauper application on

---

[1] A district court may hold an evidentiary hearing only when the petitioner shows either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence (*id*. § 2254(e)(2)(A)(ii)) *and* the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.   *Id*. § 2254(e)(2)(B).

[2] ECF No. 1, at 1, 12.

[3] ECF No. 2.

April 23, 2018, finding that petitioner had sufficient funds to pay the $5.00 filing fee.[4]   Almost

four years later, on March 11, 2022, the clerk of court received the $5.00 filing fee from Rodriguez-

Hernandez with no explanation for his excessive delay.[5]   The case was opened on March 14, 2022,

for further proceedings.[6]

## II.    FACTUAL BACKGROUND

Petitioner Luis Starlyn Rodriguez-Hernandez is a convicted inmate incarcerated in the

Louisiana State Penitentiary in Angola, Louisiana.[7]   On April 22, 2009, Rodriguez-Hernandez

and three co-defendants, Gina E. Scramuzza, Carlos Alberto Rodriguez, and Erly Y. Montoya,

were indicted by a St. Tammany Parish grand jury for the first degree murder of Mario Scramuzza,

Jr.[8]   The Louisiana First Circuit Court of Appeal summarized the facts established at trial as

follows in relevant part:

> On February 28, 2009, Detective Alvin Hotard with the St. Tammany Parish
> Sheriff's Office reported to a home in Covington belonging to the victim and his
> wife, Gina Scramuzza, where the victim's body was found in the laundry room.
> The home had been ransacked, and many items were missing.   As police
> investigated the scene, Gina made statements confirming her involvement in the
> victim's murder.   The subsequent investigation led officers to identify Carlos
> Rodriguez, Erly Montoya, and defendant (as well as Gina) as all having been
> involved with the murder.
> Defendant gave two taped statements after he was arrested, and both were
> played at trial.   According to his second statement, Gina drove defendant,
> Rodriguez, and Montoya to the home where she and the victim lived, and the three
> men waited for the victim to arrive.   Defendant indicated that he and Montoya
> planned to take the six-foot-two-inch tall, 236-pound victim down to the ground
> "for [Rodriguez]."   When the victim arrived, Montoya pointed a gun at him and
> told him to get on the ground.   According to defendant, he and Montoya grabbed
> the victim.   However, as the victim went to the ground under his own volition,

---

[4]  ECF No. 3.

[5]  ECF, 3/11/22 Entry.

[6]  ECF, 3/14/22 Entry.

[7]  ECF No. 1, at 1.

[8]  State Record (hereinafter "St. R.") Vol. 1 of 9, at 42, Indictment, 4/22/09; *id.*, Grand Jury Return, at 1, 4/22/09.

Montoya and defendant fell with him.   Defendant stated that Rodriguez then tied up the victim.   Defendant further indicated that he seized several items from the house and placed them into a vehicle that was parked in the garage.   While loading the vehicle, defendant heard a noise, reentered the house, and saw the victim kicking.   Defendant grabbed the victim's legs and moved them away from the item he was kicking.   According to defendant's statement, after he moved the victim's legs, he went back into the garage.   Minutes later, Rodriguez exited the home and the three men left.   Many of the items taken from the home were subsequently located in defendant's apartment.

Dr. Michael Defatta, Chief Deputy Coroner with the St. Tammany Parish Coroner's Office, testified that the victim's cause of death was asphyxia due to strangulation and blunt-force trauma.   He also testified that abrasions and bruises on the victim's body were consistent with binding of the wrists.[9]

Rodriguez-Hernandez was separately tried before a jury on January 17 through 20, 2012.[10] The jury unanimously found him guilty as charged.[11]   On February 15, 2012, the state trial court sentenced Rodriguez-Hernandez to life in prison without benefit of parole, probation, or suspension of sentence.[12]

On direct appeal to the Louisiana First Circuit, Rodriguez-Hernandez's appointed counsel argued that trial counsel was ineffective for failing to object to the prosecutor's expression of his personal opinion of the defendant's guilt.[13]   On March 12, 2013, the Louisiana First Circuit notified Rodriguez-Hernandez of his right to file a brief on or before April 11, 2013, which was extended to June 13, 2013 at his request, but he did not file a brief.[14]

---

[9]  *State v. Rodriguez-Hernandez*, No. 2012-1400, 2013 WL 11253323, at *1 (La. App. 1st Cir. Sep. 13, 2013) (footnote omitted); St. R. Vol. 7 of 9, 1st Cir. Opinion, 2012-KA-1040, at 2-3, 9/13/13.

[10]  St. R. Vol. 1 of 9, at 5, Min. Entry, 12/11/09 (severance of charges against Rodriguez-Hernandez); *id*. at 20-23, Trial Mins., 1/17/12; *id*. at 24-31, Trial Mins., 1/1812; *id*. at 32-37, Trial Mins., 1/19/12; *id*. at 38-39, Trial Mins., 1/20/12.

[11]  *Id*. at 38-39, Trial Mins., 1/20/12; *id*. at 139, Verdict Form, 1/20/12.

[12]  *Id*. at 40, Sentencing Mins., 2/15/12; *id*. at 153-62, Sentencing Tr., 2/15/12.

[13]  St. R. Vol. 5 of 9, Appeal Brief, 2012-KA-1040, at 2, 3/4/13.

[14]  *Id*., Notice of Pro Se Briefing Schedule, 3/12/13; *id.,* Order, 5/14/13.

On September 13, 2013, the Louisiana First Circuit affirmed Rodriguez-Hernandez's conviction and sentence finding the ineffective assistance of counsel claim to be without merit.[15]

The Louisiana Supreme Court denied Rodriguez-Hernandez's subsequent writ application without stated reasons on May 23, 2014.[16]   Rodriguez-Hernandez did not file an application for writ of certiorari with the United States Supreme Court within 90 days, and thus, his conviction and sentence became final on August 21, 2014.[17]

Almost one year later, on August 6, 2015, Rodriguez-Hernandez submitted an application for post-conviction relief to the state trial court in Washington Parish, Louisiana, another Parish within the 22nd Judicial District where he was convicted.[18]   The application apparently was transferred to St. Tammany Parish and filed there on November 5, 2015.[19]   In the application, Rodriguez-Hernandez asserted the following claims:

(1)     insufficient evidence, and ineffective assistance of appellate counsel for failing to raise the issue on appeal;
(2)     the state district court abused its discretion with improper admittance of Melvin Gonzalez's prior statement as impeachment evidence, and trial counsel was ineffective for failing to object; and
(3)     his right to testify was taken from him.[20]

On October 13, 2015, the state trial court denied relief finding the claims meritless, noting that the second claim was waived for lack of contemporaneous objection.[21]   The Louisiana First

---

[15] *Rodriguez-Hernandez*, 2013 WL 11253323, at *2; St. R. Vol. 7 of 9, 1st Cir. Opinion, 2012-KA-1040, at 5, 9/13/13.
[16] *State v. Rodriguez-Hernandez*, 140 So. 3d 722 (La. 5/23/14); St. R. Vol. 6 of 9, La. Sup. Ct. Order, 2013-KH-2476, 5/23/14; *id*., La. Sup. Ct. Writ Application, 13-KH-2476, 10/18/13 (dated 10/11/13).
[17] *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); SUP. CT. R. 13(1).
[18] St. R. Vol. 7 of 9, Application for Post-Conviction Relief, 8/31/15 (dated 8/6/15).
[19] *Id*. at 1.
[20] *Id*. at 5, i.
[21] *Id*., Trial Court Judgment at 6-7, 9, 10/13/15.

Circuit denied Rodriguez-Hernandez's related writ application without stated reasons on February 10, 2016.[22]

On June 5, 2017, the Louisiana Supreme Court denied Rodriguez-Hernandez's writ application finding that he failed to meet his burden of proof under *Strickland v. Washington*, 466 U.S. 668 (1984), and failed to meet the burden of proof under LA. CODE CRIM. P. art. 930.2 on the other claims, adopting the state trial court's written reasons.[23]

## III.   **FEDERAL HABEAS PETITION**

On April 19, 2018, the clerk of court filed Rodriguez-Hernandez's petition for federal habeas corpus relief which asserts the following claims:

(1)   trial counsel was ineffective for failing to object to the prosecutor expressing his personal opinion as to guilt;

(2)   the evidence was insufficient to support the conviction, and appellate counsel was ineffective for failing to assert the claim on appeal;

(3)   the state trial court abused its discretion by the improper admittance of co-defendant Melvin Gonzalez's statement as impeachment evidence, and counsel was ineffective for failing to object; and

(4)   he was denied the right to testify by his trial counsel.[24]

As mentioned above, his petition was accompanied by an application for pauper status, which the prior Magistrate Judge denied on April 23, 2018, because Rodriguez-Hernandez had sufficient funds to pay the $5.00 filing fee.[25]   After receipt of the $5.00 filing fee on March 11, 2022, the matter was opened and the undersigned ordered briefing from the State.[26]

---

[22]  St. R. Vol. 8 of 9, 1st Cir. Order, 2015-KW-1795, 2/10/16; *id.*, 1st Cir. Writ Application, 2015-KW-1795, 11/16/15 (dated 11/12/15).

[23]  *State ex rel. Rodriguez-Hernandez v. State*, 221 So. 3d 48 (La. 6/5/17); St. R. Vol. 9 of 9, La. Sup. Ct. Order, 2016-KH-0505, 6/5/17; *id.*, La. Sup. Ct. Writ Application, 16-KH-505, 3/21/16 (dated 2/25/16).

[24]  ECF No. 1, at 4, 8.

[25]  ECF Nos. 2, 3.

[26]  ECF Nos. 4, 8.

On May 4, 2022, the State filed a response in opposition to Rodriguez-Hernandez's petition asserting that the petition was not timely filed and reserving the right to assert additional defenses if necessary.[27]   The State argues that, when the original petition was filed in 2018, it was filed after expiration of the applicable filing period and petitioner is not entitled to equitable tolling.[28] Rodriguez-Hernandez replied to the State's opposition arguing that his federal petition should be considered timely filed because of a delay in his receipt of the post-conviction order issued by the Louisiana Supreme Court and other delays in garnering assistance at the prison because of his language barrier.[29]

## IV.   LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.   The AEDPA went into effect on April 24, 1996,[30] and applies to habeas petitions filed after that date.[31]   For purposes of applying the AEDPA, Rodriguez-Hernandez's original petition is deemed filed on April 19, 2018.[32]

---

[27] ECF No. 10.

[28] *Id*. at 10, 11.

[29] ECF No. 11.

[30] The AEDPA was signed into law on that date and did not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.   *United States v. Sherrod*, 964 F. 2d 1501, 1505 (5th Cir. 1992).

[31] *Flanagan v. Johnson*, 154 F. 3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

[32] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.   Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.   *Coleman v. Johnson*, 184 F. 3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F. 3d 374, 378 (5th Cir. 1998) (mailbox rule applies to determine if AEDPA applies even if filing fee is paid later); *Cooper v. Brookshire*, 70 F. 3d 377, 379 (5th Cir. 1995).   The prison legal department's official stamp indicates that the petition was received from Rodriguez-Hernandez for mailing to a court on April 19, 2018.   ECF No. 1, at 7.

### A.    Preliminary Considerations

The two threshold questions in habeas review under the amended statute are (1) whether the petition is timely and (2) whether petitioner's claims were adjudicated on the merits in state court.   In other words, has the petitioner exhausted state court remedies and is the petitioner in "procedural default" on a claim.[33]   The State did not specifically address exhaustion but reserved its right to assert procedural default.   The State instead asserts that Rodriguez-Hernandez's federal habeas petition was not timely filed in 2018 within one-year after finality of his conviction.[34]

For the reasons that follow, the State's limitations defense is supported by the record and provides grounds for dismissal of Rodriguez-Hernandez's petition.

### B.    AEDPA Statute of Limitations

The AEDPA created in 28 U.S.C. § 2244(d)(1) a one-year statute of limitations for the filing of a federal habeas petition.   Under § 2254(d)(1)(A), the statute of limitations requires that a petition must ordinarily be filed within one year of the date the conviction became final.[35]   The statute also provides three other triggering events that do not apply here.[36]   For purposes of

---

[33] *Nobles v. Johnson*, 127 F. 3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

[34] ECF No. 10, at 7-12.

[35] 28 U.S.C. § 2244(d)(1)(A); *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).

[36] 28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(B), Rodriguez-Hernandez does not assert that he was subject to an unconstitutional state action that impeded him from filing his federal petition in a timely manner.   None of Rodriguez-Hernandez' claims is based on a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review to involve for purposes of § 2244(d)(1)(C).   Moreover, none of Rodriguez-Hernandez's claims raises a constitutional issue that is based on a new "factual predicate," as required by § 2244(d)(1)(D).

Thus, pursuant to § 2244(d)(1)(A), the court must consider whether Rodriguez-Hernandez filed his federal petition within one year of the finality of his conviction.   Rodriguez-Hernandez's conviction was final on August 21, 2014, when the time for filing for a writ of certiorari in the United States Supreme Court expired 90 days after the Louisiana Supreme Court denied his post-appeal writ application on May 23, 2014, and no further direct appellate review was available. Applying § 2244 literally, Rodriguez-Hernandez had until August 21, 2015, to file his federal habeas corpus petition.   Rodriguez-Hernandez did not file his federal habeas corpus petition within this one-year period.   Accordingly, his petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled under one of the following two ways recognized in the applicable law.

### 1. Statutory Tolling

The AEDPA provides for suspension of its one-year limitations period:   "The time during which a *properly filed application for State post-conviction or other collateral review* with respect

to the pertinent judgment or claim is pending *shall not be counted* toward any period of limitation under this subsection."[37]   The Supreme Court has described this provision as a tolling statute.[38]

By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.[39]   Rather, as the United States Fifth Circuit and other federal courts have held, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.   Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.[40]

For a post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.[41]   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed *pro se* by a prisoner.[42]   I have applied that rule where necessary to petitioner's state court pleadings delineated in the procedural history.

---

[37] 28 U.S.C. § 2244(d)(2) (emphasis added).

[38] *Duncan*, 533 U.S. at 175-78.

[39] *Flanagan*, 154 F. 3d at 199 n.1.

[40] *Id.*; *Brisbane v. Beshears*, 161 F. 3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (unpub.); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

[41] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); *Williams v. Cain*, 217 F. 3d 303, 306-307 n.4 (5th Cir. 2000) (quoting *Villegas v. Johnson*, 184 F. 3d 467, 469 (5th Cir. 1999)); *Smith v. Ward*, 209 F. 3d 383, 384-85 (5th Cir. 2000).

[42] *Causey v. Cain*, 450 F. 3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"[43]   The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.[44]   A "pertinent judgment or claim" requires that the state court filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims being raised in the federal habeas corpus petition.[45]

As calculated above, Rodriguez-Hernandez's conviction was final under federal law on August 21, 2014.   The AEDPA limitations period began to run the next day, August 22, 2014, and continued for a total of 349 days, until it was interrupted on August 6, 2015, when Rodriguez-Hernandez filed his state court application for post-conviction relief.   This left 16 days remaining in the one-year limitations period.   Rodriguez-Hernandez's state post-conviction application remained pending from its filing on August 6, 2015, through June 5, 2017, when the Louisiana Supreme Court denied his related writ application.   The AEDPA filing period was thus tolled during the pendency of Rodriguez-Hernandez's properly filed state court post-conviction pleadings (i.e., August 6, 2015-June 5, 2017).

---

[43]   *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F. 3d at 310 (a matter is "pending" for § 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")
[44]   *Dillworth v. Johnson*, 215 F. 3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, No. 99-3364, 2001 WL 995164, at *5 (3d Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").
[45]   *Godfrey v. Dretke*, 396 F. 3d 681, 686-88 (5th Cir. 2005).

The AEDPA one-year limitations period began to run again on June 6, 2017, and expired 16 days later, on Monday, June 22, 2017.[46]   On that day, June 22, 2017, Rodriguez-Hernandez had no properly filed state post-conviction or other collateral review pending in any court to further interrupt the running of the AEDPA one-year filing period.   The AEDPA limitations period therefore expired on June 22, 2017.

For these reasons, Rodriguez-Hernandez's federal petition is deemed filed (ignoring the almost four year delay for him to pay the filing fee) on April 19, 2018, under the applicable mailbox rule.   This was nine months and 28 days after the AEDPA one-year filing period expired on June 22, 2017.   Accordingly, Rodriguez-Hernandez's federal petition was *not* timely filed and must be dismissed with prejudice for that reason.

### 2.   No Equitable Tolling Warranted

The United States Supreme Court has held that AEDPA's one-year statute of limitations period in § 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist that prevented timely filing.[47]   Those who "sleep on their rights" are not entitled to equitable tolling.[48]   Thus, equitable tolling is warranted only in situations during which a petitioner acted diligently, but otherwise was actively misled or prevented in some extraordinary way from asserting his rights.[49]

A state-created delay in sending a court opinion to a petitioner may constitute an extraordinary circumstance if the habeas petitioner can establish the diligence component of

---

[46] .

[47] *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F. 3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F. 3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F. 3d 806, 810 (5th Cir. 1998).

[48] *Fisher*, 174 F.3d at 715 (quoting *Covey v. Ark R. Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[49] *Pace*, 544 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

equitable tolling.[50]   Thus, "[a] petitioner seeking equitable tolling must demonstrate that he "'pursued the [habeas corpus relief] process with diligence and alacrity" both before and after receiving notification' that his state petition was denied."[51]   "What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."[52]

In addressing claims for equity similar to those before this court, the United States Fifth Circuit has commented that, essentially, timing is everything when it comes to diligence:

> We therefore consider the timing of both the petitioner's state and federal habeas petitions.   *Jackson v. Davis*, 933 F.3d 408, 411–13 (5th Cir. 2019).   For the state habeas filing, we have found diligence when a petitioner waited two months to file, *see Hardy*, 577 F.3d at 599, but not when it took up to seven months to file, *see Stroman v. Thaler*, 603 F.3d 299, 302–03 (5th Cir. 2010).   For the federal habeas filing, "[w]e have found diligent petitioners who filed in federal court one week, three weeks, and one month after receiving delayed notice of the denial of state habeas relief."   *Jackson*, 933 F.3d at 411 (citing *Hardy*, 577 F.3d at 597; *Williams v. Thaler*, 400 F. App'x 886, 891 (5th Cir. 2010); *Phillips*, 216 F.3d at 511) (cleaned up).   But we have found a petitioner was not diligent when he waited seven weeks to file in federal court.   *Stroman*, 603 F.3d at 302.[53]

In *Diggs*, the Fifth Circuit affirmed the denial of equitable tolling to a habeas petition after finding that he failed to establish diligence, either before or after he received a delayed notice of the Louisiana Supreme Court's ruling on his post-conviction writ application.[54]   In doing so, the

---

[50] *Diggs v. Vannoy*, 840 F. App'x 779, 781-82 (5th Cir. 2021) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)).

[51] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (alteration in original) (quoting *Phillips*, 216 F.3d at 511).

[52] *Jackson*, 933 F.3d at 411 (footnote omitted) (citing *Pace*, 544 U.S. at 419).

[53] *Diggs*, 840 F. App'x at 781-82; *Earl v. Goodwin*, No. 22-962, 2022 WL 4281905, at 1 (E.D. La. Aug. 31, 2022) (diligence is shown at three stages: (1) period after a conviction is final to filing of a state post-conviction application; (2) period of pendency of his state post-conviction application; and (3) the period after notice that a post-conviction request was denied to filing of a federal habeas petition) (citing *Jackson*, 933 F.3d at 411-13).

[54] *Diggs*, 840 F. App'x at 781-82.

Court made the following findings, which includes delays similar to those before the court in

Rodriguez-Hernandez's case:

> Diggs waited 334 days after his conviction became final before mailing his state petition, leaving him only 30 days to file a federal petition once the state habeas proceedings concluded.   Then, once he received notice (albeit delayed) that his state petition had been denied, he waited another 29 days to file in federal court. And although more than a year and a half had passed between Digg's submitting his petition to the Louisiana Supreme Court and receiving the final decision, he never inquired about the case's status.[55]

Similar to *Diggs*, Rodriguez-Hernandez waited 349 days from finality of his conviction to

file a state post-conviction application, leaving only 16 days left on the one-year AEDPA filing

period.   Once he received notice of the Louisiana Supreme Court's ruling on February 28, 2018,

he waited 49 days to file his federal petition.   Instead of filing a federal petition right away, he

chose to write the prison mailroom one week later, on March 6, 2018, to ask if he had received

mail in 2017, and then waited for a response from the mailroom.[56]   His decision to delay was

neither diligent nor prudent to protect his rights.

One distinction from the facts in *Diggs* is that Rodriguez-Hernandez claims, without

providing proof, to have written the Louisiana Supreme Court on February 26, 2018, for a status

update on his writ application, something the petition in *Diggs* did not do.[57]   Assuming his

assertion to be true, Rodriguez-Hernandez waited two years from the filing of his Louisiana

Supreme Court writ application on February 25, 2016, to inquire about its status.   In light of the

very short time (16 days) remaining on Rodriguez-Hernandez's one-year filing clock, and knowing

---

[55] *Id.*, at 782.

[56] ECF No. 1, at 17.   He attached what purports to be reproductions of 2016 and 2018 mailroom logs to his federal petition.   ECF No. 1-1, at 3, 5, 6.

[57] ECF No. 1-1, at 9.

that he had been moved within the prison,[58] his decision to wait two years to inquire fails to demonstrate diligence.[59]

The court also notes its concern with Rodriguez-Hernandez's almost four year delay in paying the filing fee in this federal case, something he has left unexplained and which, if nothing else, exhibits his lack of diligence in pursuing federal habeas relief.   The record in this case, similar to the cited cases, fails to demonstrate the required diligence necessary for the court to award equitable tolling for the alleged delayed receipt of the Louisiana Supreme Court's 2017 ruling.

Furthermore, the court is not persuaded by Rodriguez-Hernandez's complaints about language barriers and available jailhouse assistance.   The inability to speak or read the English language is not uncommon in the prison system and does not warrant equitable tolling.[60]   The "inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims."[61]

---

[58]  ECF No. 11, at 2-3.

[59]  *See Brown v. Vannoy*, No. 17-0314, 2021 WL 4074793, at *5 (M.D. La. Aug. 6, 2021) (waiting almost three years to inquire about status of Louisiana Supreme Court writ application was not diligent in light of only 19 days remaining to file federal petition when state post-conviction application was filed and with known delay problems in jail mailroom), *R&R adopted by* 2021 WL 4066989, at *1 (M.D. La. Sep. 7, 2021), *appeal dismissed*, 2022 WL 902750, at *1 (5th Cir. Mar. 23, 2022); *see also*, *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1288 (11th Cir. 2002) (a single letter after sixteen months to check the status of a filing was insufficient to show the diligence to support equitable tolling); *Hicks v. Quarterman*, No. 06-2208, 2007 WL 79706, at *1 (S.D. Tex. Jan. 8, 2007) (lack of diligence where prisoner waited one year to make first inquiry about status of a filing and another year to make the second inquiry); *Scott v. Dretke*, No. 05-0609, 2006 WL 1831331, at *1 (N.D. Tex. Jun. 29, 2006) (lack of diligence where prisoner waited ten months to inquire about status of a filing).

[60]  *See United States v. Teshima-Jiminez*, No. 97cr087, 1999 WL 600326, at *2 (E.D. La. Aug. 5, 1999) ("lack of legal research material and assistance" and "little English spoken" were not rare and exceptional circumstances to justify equitable tolling); *Perez v. Johnson*, No. 01-0013, 2001 WL 804524, at *4 (N.D. Tex. July 6, 2001); *Nguyen v. Merrau*, No. 98-2038, 1998 WL 556628, at *2 (N.D. Cal. Aug. 24, 1998) (equitable tolling not justified where based on "lack of fluency in the English language and [petitioner's] alleged inability to find a jailhouse lawyer").

[61]  *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759, at *1 (10th Cir. Dec. 13, 1999) (Table, Text in Westlaw); *Zinsou v. Dretke*, No. 04-556, 2004 WL 2381243, at *1 (N.D. Tex. 2004) (citing *Cobas*, 306 F.3d at 444).

14

In addition, "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, the lack of proficiency is insufficient to justify equitable tolling of the statute of limitations."[62]

Rodriguez-Hernandez's pro se state court post-conviction filings over the years (which do not all indicate he was assisted by inmate or other counsel) demonstrate his ability to, and no denial of, access to the courts.   Any professed language barrier would not be sufficient to warrant equitable tolling in this case.   To the extent he suggests difficulty gaining assistance in the prison system because of his language difficulties, his claim also is unavailing for the same reasons.[63]

For the foregoing reasons, Rodriguez-Hernandez has asserted no reason that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case, and I can find none.   The record does not establish any circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.[64]   Rodriguez-Hernandez, therefore, is not entitled to equitable tolling of the one-year AEDPA filing period.

---

[62] *Cobas*, 306 F.3d at 444; *Rodriguez v. Cain*, Civ. A. No. 06-815, 2007 WL 4522497, at *10 (E.D. La. Dec. 17, 2007) ("[U]nder the relevant precedent, an inability or significant difficulty speaking, reading and writing, or understanding English does not, by itself, justify equitable tolling in habeas cases, where such lack of proficiency has not prevented the petitioner from accessing the courts.") (collecting cases).

[63] *See also Gonzales v. Wilkinson*, 269 F. App'x 481, 486 (5th Cir. 2008) (lack of assistance, even for a pro se prisoner who did not fully comprehend English, was not considered an extraordinary circumstance so as to warrant equitable tolling); *accord Webster v. Stephens*, No. 13-859, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) ("It is well settled ... that a petitioner's pro se status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999))).

[64] *See Holland v. Florida*, 560 U.S. 631, 651-54 (2010) (equitable tolling warranted where attorney was grossly negligent and failed to meet professional standards of care when he ignored client's requests to timely file a federal petition and failed for years to respond to client's letters or communicate with client); *Hardy*, 577 F.3d at 599-600 (equitable tolling warranted for significant state-created delay when, for almost one year, state appeals court failed in its duty under Texas law to inform petitioner his state habeas petition was denied despite his persistent requests, and petitioner diligently pursued federal habeas relief); *United States v. Wynn*, 292 F. 3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that timely motion to vacate was filed); *Coleman*,

Rodriguez-Hernandez also has asserted no other excuse to avoid the expiration of the AEDPA limitations period.[65]  His federal petition, deemed filed April 19, 2018, was not timely filed and must be dismissed with prejudice for that reason.

### RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Rodriguez-Hernandez's habeas corpus petition under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

184 F. 3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F. 3d at 715 (tolling *not* justified during petitioner's 17-days in psychiatric ward where he was confined, medicated, separated from his glasses and rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F. 3d at 300 (State's alleged failure to appoint competent habeas counsel did *not* justify tolling); *Davis*, 158 F. 3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court thrice extended deadline to file habeas corpus petition beyond expiration of the AEDPA grace period).

[65] Rodriguez-Hernandez has not urged his actual innocence or presented new, reliable evidence to meet the high burden set forth in *McQuiggin v. Perkins*, 569 U.S. 383 (2013) to forgive or restart the AEDPA statute of limitations. He also has not sought relief from a state imposed procedural bar for this court to apply the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012).  *See Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (a *procedural bar* imposed by *state courts* "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'") (quoting *Martinez*, 566 U.S. at 13).  The *Martinez* and *Trevino* decisions also do *not* address or excuse the untimely filing of a federal habeas petition.  *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation).  *Martinez* and *Trevino* are *not* new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA.  *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Thus, neither *Martinez* nor *Trevino* provide petitioner relief from his untimely federal filing.

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[66]

New Orleans, Louisiana, this ___6th___ day of February, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[66] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).