SCANNED at LSP and Emailed
3-21-23 by UB . 7 pages
date    initials   No.

RECEIVED
MAR 21 2023
Legal Programs Department

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  Mar 21 2023
AJ    CAROL L. MICHEL    E-Mail
       CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LUIS RODRIGUEZ-HERNANDEZ　　　CIVIL ACTION
*Petitioner*

　　　　　　　　　　　　　　　　NUMBER: 18-cv-4069
-Versus-

　　　　　　　　　　　　　　　　SECTION "B" (2)

DARREL VANNOY, Warden
*Respondent*

## OBJECTIONS TO THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION FOR *HABEAS CORPUS RELIEF*

MAY IT PLEASE THE COURT:

　　NOW INTO COURT comes Luis Rodriguez-Hernandez, *Pro-Se* Petitioner, who respectfully presents his "*Objections to the Magistrate Judge's Report and Recommendation for Habeas Corpus Relief*" and who respectfully prays this Honorable Court will accept and consider same in connection with his Petition and Memorandum In Support for Federal Habeas Corpus pursuant to *28 U.S.C.A. § 2254.*

### Accepting This Late Filing to Report and Recommendation

　　On February 6, 2023, Honorable Donna Phillips Currault, United States Magistrate Judge, had prepared and filed a Report and Recommendation. This R&R was then forwarded to the Petitioner's address. It was received by the Legal Programs Department on or about February 8, 2023. Petitioner receive the R&R on or about February 13, 2023.

　　Thereafter, at no fault of the Petitioner, all Offender and Offender Counselor Substitute computer servers had crashed. Petitioner was unable to research and prepare a response to the

1.

R&R. The system did not become fully operational until March 14, 2023. Attached with these objections is a copy of the memorandum from the Louisiana Department of Corrections concerning the matter. This matter was made known through the Louisiana court system.

<u>**REASONS FOR GRANTING**</u>

The Magistrate Judge's Report and Recommendation is to deny Petitioner Luis Rodriguez-Hernandez's Writ of Habeas Corpus. In this, by denying the request for equitable tolling.

*Request for Granting Equitable Tolling*

As a starting point, Petitioner states that he born and raised Cuba. His primary language is Spanish. His English is broken and requires the assistance of an interpreter in the explanation of law. Because the Louisiana State Prison and/or State does not specifically provide this at the prison, Petitioner and Offender Counsel Substitute are presented with a language barrier and had to request the assistance of a separate Offender (not qualified or certified) to assist in the translation. This is a direct State-created impediment which should invoke the granting of equitable tolling.

The Equal Educational Opportunity Act of 1974 has effectively showed that it is now an unlawful educational practice to fail to take appropriate action to overcome language barriers. The United States' prisons are becoming increasing in the form of a multi-cultural, multi-language system. The lack of proper translations and translators are increasing the lack of Equal Protection of the Law as provided by the Fourteenth Amendment to the United States Constitution. When there is a lack of equal protection, due process of the law is also violated.

The Fifth Circuit Court of Appeal in *Jerome Atilus v. United States of America*, 378

F.2d 52 (U.S.C.A. 5th June 8, 1967), has held: "... there was a severe language barrier that made it impossible for the appellant to understand what the proceedings were during his trial. He alleged that there was a language barrier by virtue of his being Creole French in an English-speaking court."

This Court has a duty to ensure that pro-se litigants do not lose the right to a ruling on the merits of their claims due to ignorance of technical procedural requirements. *Haines v. Kerner*, 404 U.S. 519. Also, if neither the State Legislature nor the State Courts indicate a need to hear a federal constitutional claim, a federal court implies no disrespect for the State by entertaining the claim. *County Court of Ulster v. Allen*, 442 U.S. U.S. 140, 99 S.Ct. 2213. Further, the U.S. Supreme Court has noted that "dismissal of a first federal habeas petition is a serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking important interests in human liberty. *Lonchar v. Thomas*, 517 U.S. 314, 116 S. Ct. 1293.

It is incomprehensible that the Magistrate Judge's R&R specifically states: "The 'inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.'" (Magistrate Judge's R&R @ page 14).

Given that the Magistrate Judge follows this line of thinking, how could one be certain the Constitution protects all. Rather, such line of thinking is contained to the thought of the Constitution protects most of its citizen who read, write and speak English, and who also have law degree. The rest are to be sacrificed to the lack of knowledge.

3.

The United States Supreme Court has consistently upheld that ". . . there is no iron curtain drawn between the Constitution and the prisons in this country." *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Furthermore, Though a law be fair on it's face and impartial in appearance, yet, if it is administered by public authority with an evil eye or an unequal hand so as practically to enable illegal discrimination between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibitions of the Constitution. *Yick Wo v. Hopkins*, 118 U. S. 356 (1886).

## CONCLUSION AND PRAYER

**WHEREFORE**, Petitioner, Luis Rodriguez-Hernandez #596226, respectfully prays that this Honorable Court will accept his Application for Federal Habeas Corpus pursuant to *28 U.S.C.A. § 2254.* as timely filed under the equitable tolling. Additionally, after due consideration of the law and the facts presented in these proceedings, that Petitioner is granted federal habeas corpus and that his underlying State conviction and sentence is vacated, and set aside.

Respectfully submitted,

Luis Rodriguez-Hernandez #596226
Camp C Wolf 4
Louisiana State Prison
Angola, Louisiana 70712

Prepared By:

| CAMP C – LITIGATION TEAM |
|---|
| DR. ERIC M. DENET, PH.D., TH.D., DIV.D., C.ED.D. [1] |
| #380958 CAMP C WOLF-4 |
| CERTIFIED PARALEGAL / OFFENDER COUNSEL III |

---

[1] Identified only as required by La. Dist. Ct. R. 60.5. Not admitted to practice.

4.

## AFFIDAVIT / CERTIFICATE OF SERVICE

I do hereby swear and affirm that the foregoing is true and correct to the best of my knowledge and belief.

I do hereby certify that the foregoing has been served upon:

Opposing Counsel
    Matthew Caplan, Assistant District Attorney
    22nd Judicial District Court
    701 N. Columbia Street
    Covington, Louisiana 70433

by placing a copy of same in a properly addressed envelope into the hands of the Classification Officer assigned to my unit along with a Drawslip made out to the General Fund, LSP, Angola, Louisiana 70712 for the cost of postage and a properly filled out Inmate's Request for Indigent/Legal Mail form, receiving receipt for same in accordance with the institution's rules and procedures for legal mail.

Done this 16th day of March, 2023.

*Luis Rodriguez Hernandez*
Luis Rodriguez Hernandez #586226
Camp C Wolf 4

# eFile-ProSe

| | |
|---|---|
| **From:** | Angola E-Filing <EML-FED-ANG-Printers@LA.GOV> |
| **Sent:** | Tuesday, March 21, 2023 1:32 PM |
| **To:** | eFile-ProSe |
| **Subject:** | Angola E-Filing |
| **Attachments:** | DOC #596226133207.pdf |

CAUTION - EXTERNAL:

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.